IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARIN SOUTHAM,<br><br>Plaintiff,<br><br>vs.<br><br>LEHMAN BROTHERS BANK FSB, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:10-CV-45 TS |

This matter is before the Court on a Motion to Dismiss filed by Defendants Lehman Brothers Bank FSB, Aurora Loan Services, Inc., Aurora Bank FSB, and Mortgage Electronic Registration System (collectively "Defendants"). Plaintiff has failed to timely respond to the Motion. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

On October 19, 2006, Plaintiff entered into a mortgage loan for $366,500, for a home in Lehi, Utah. The loan originated with Defendant Lehman Brothers Bank, FSB ("Lehman") as the "Lender." In conjunction with the loan, Plaintiff signed a promissory note and trust deed. The trust deed identified Lehman as the "Lender," Plaintiff as the "Borrower," Equity Title as

1

"Trustee," and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender Lehman and its successors and assigns, and the successors and assigns of MERS.

The trust deed states:

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.[1]

Plaintiff alleges, "upon information and belief," that Lehman sold the underlying promissory note to investors. Plaintiff further alleges that these investors have not recorded this transaction.

Plaintiff brings six causes of actions against Defendants: (1) Estoppel/Declaratory Judgment; (2) Violations of Real Estate Settlement Procedures Act; (3) Violations of Federal Truth-In-Lending Act; (4) Usury and Fraud; (5) Declaratory Judgment; (6) Quiet Title; and (7) Refund, Fees, and Costs.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[3] All well-pleaded factual allegations in the

---

[1] Docket No. 2, Ex. A.

[2] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547(2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[4]  But, the court "need not accept conclusory allegations without supporting factual averments."[5]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[7]  Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[8]

The Supreme Court recently explained the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[9]  In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it requires "more than unadorned, the-defendant-unlawfully harmed-me

---

[4]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[6]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7]*Id*.

[8]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[9]556 U.S. ___, 129 S.Ct. 1937 (2009).

accusation[s]."[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[11] "Nor does a complaint suffice if it tenders 'naked assertion[s]" devoid of 'further factual enhancement.'"[12]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[13]

---

[10]*Id*. at 1949.

[11]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[12]*Id*. (quoting *Twombly*, 550 U.S. at 557).

[13]*Id*. at 1949-50 (internal quotation marks and citations omitted).

## III. DISCUSSION

A.     FAILURE TO RESPOND

Defendant filed the instant Motion on July 6, 2010. Pursuant to DUCivR 7-1(b)(4), Plaintiff's response to the Motion was due within twenty-eight (28) days. Including the three-day mailing period set out in Fed.R.Civ.P. 6(d) and the District of Utah CM/ECF Administrative Procedures Manual, Plaintiff's response was due August 6, 2010. To date, Plaintiff has not responded.

DUCivR 7-1 (d) provides: "Failure to respond timely to a motion may result in the court's granting the motion without further notice." Under this rule, the Court has the authority to grant Defendants' Motion based on Plaintiff's failure to timely respond. Even considering the merits of Plaintiff's claims, the Motion must be granted.

B.     ESTOPPLEL/DECLARATORY JUDGMENT; USURY AND FRAUD; QUIET TITLE; REFUND, FEES, AND COSTS

Plaintiff's underlying claim for his First, Fourth, Fifth, Sixth, and Seventh causes of action are that Defendants do not have the authority to assert any present default on the Note, or power of sale under the deed of trust because they have securitized the deed of trust. This argument must be rejected.

As set forth above, the trust deed states:

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell the Property;

and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.[14]

This Court, per Judge Kimball, interpreting an identical provision, has found that MERS had the authority to initiate foreclosure proceedings, appoint a trustee, and to foreclose and sell the property.[15] For the same reasons expressed by this Court in *Burnett*, Plaintiff's First, Fourth, Fifth, Sixth, and Seventh causes of action must be dismissed.

C.  RESPA

Plaintiff's second cause of action is for a violation of the Real Estate Settlement Procedures Act ("RESPA"). In his Complaint, Plaintiff alleges that Defendants are subject to the provisions of RESPA, that, in violation of RESPA, "Defendants accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed," and that he is entitled to damages.[16]

Under the standard set forth above, Plaintiff's claims are too vague and conclusory to state a claim for relief. As a result, Plaintiff's second of cause of action must be dismissed.

D.  TILA

In his third cause of action, Plaintiff asserts that he is entitled to rescission under the Truth in Lending Act ("TILA") for alleged violations of that Act. This claim fails for a number of reasons. Plaintiff's Complaint is deficient in that it fails to sufficiently state what the defect in

---

[14]Docket No. 2, Ex. A.

[15]*Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-CV-69 DAK, 2009 WL 3582294, *4 (D. Utah Oct. 27, 2009).

[16]Docket No. 2 at 6.

the TILA disclosure was. Further, a number of courts,[17] including this one,[18] have held that the rescission provisions in TILA do not apply to a residential mortgage transaction, such as the one here.

E.  DEFENDANT AMERICAN LENDING NETWORK

Plaintiff's Complaint contains no allegations against Defendant American Lending Network. The Complaint only identifies American Lending Network as a Utah corporation, with its principal place of business in Utah. Without any allegations against it, Plaintiff's claims in relation to Defendant American Lending Network fail and the Complaint will be dismissed against it as well.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 4) is GRANTED. The Clerk of the Court is directed to close this case forthwith.

DATED   August 17, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[17]*See, e.g., Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp. 2d 1253, 1261 (D. Colo. 2004) ("[T]here is no statutory right or rescission . . . where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside.") (citing cases).

[18]*See Grealish v. Am. Brokers Conduit*, 2009 WL 2992570, *2 (D. Utah Sept. 16, 2009).